UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

MARCUS FRAZIER,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/17/2026

21 Cr. 649 (VEC)

**FINAL ORDER OF FORFEITURE**

WHEREAS, on or about October 25, 2021, this Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Preliminary Order of Forfeiture") (D.E. 17), which ordered the forfeiture to the United States of all right, title and interest of MARCUS FRAZIER (the "Defendant") in the following property:

    a. All right, title, and interest of the Defendant in $853,138.89 in United States currency formerly on deposit in HSBC Bank Account No.: 005014239 held in the name Marcus James Frazier, which was seized by the Government on or about April 26, 2021; and

    b. All right, title, and interest of the Defendant in $1,143.40 in United States currency formerly on deposit in HSBC Bank Account No.: 005014212 held in the name Marcus James Frazier, which was seized by the Government on or about April 26, 2021

(a. and b., together, the "Specific Property");

WHEREAS, the Preliminary Order of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Specific Property, and the requirement that any person asserting a legal interest in the Specific Property must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3).  Pursuant to Section 853(n), the United States could, to the extent practicable, provide direct written notice to

any person known to have an alleged interest in the Specific Property and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Specific Property before the United States can have clear title to the Specific Property;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Specific Property was posted on an official government internet site (www.forfeiture.gov) beginning on July 29, 2022, for thirty (30) consecutive days, through August 27, 2022, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on February 17, 2026 (D.E. 44);

WHEREAS, on or about October 3, 2023, the Notice of the Preliminary Order of Forfeiture was sent by Certified Mail, return receipt requested, to the following:

> Lending Club Bank, N.A
> 595 Market Street, #200
> San Francisco, CA 94015

("Noticed Party-1");

WHEREAS, on or about October 3, 2023, the Notice of the Preliminary Order of Forfeiture was sent by Electronic Mail, to the following:

> Small Business Administration (SBA)
> 409 3rd St SW
> Washington, DC 20416
> Email: LEORequests@sba.gov

("Noticed Party-2");

WHEREAS, on or about November 29, 2023, the Notice of the Preliminary Order of Forfeiture was sent by Certified Mail, return receipt requested, to the following:

BSD Capital, LLC d/b/a Lendistry
777 S. Alameda Street, 2nd Floor
Los Angeles, CA 90021

("Noticed Party-3" and, together with Noticed Party-1 and the Noticed Party-2, the "Noticed Parties");

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and no petitions or claims to contest the forfeiture of the Specific Property have been filed;

WHEREAS, the Defendant the Noticed Parties are the only individuals and/or entities known by the Government to have a potential interest the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.    All right, title and interest in the Specific Property is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2.    Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Specific Property.

3.      The United States Marshals Service (or its designee) shall take possession of the

Specific Property and dispose of the same according to law, in accordance with Title 21, United

States Code, Section 853(h).

Dated: New York, New York
       February 17, 2026

SO ORDERED:

_____
HONORABLE VALERIE E. CAPRONI
UNITED STATES DISTRICT JUDGE

4